UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICHARD M. SMEGO, | ) | |
| JEREMY L. SCHLOSS, | ) | |
| DONNIE BARRETT, | ) | |
| MICHAEL W. LEWIS, and | ) | |
| EUGENE BROWN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 10-CV-3240 |
| | ) | |
| FOREST ASHBY et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Five plaintiffs, Richard M. Smego, Jeremy L. Schloss, Donnie Barrett, Michael Lewis and Eugene Brown, detained in the Rushville Treatment and Detention Center ("Rushville") have filed a Complaint [1], pursuant to 42 U.S.C. § 1983, against Defendants Larry J. Phillips, Eugene McAdory, Michelle R. B. Saddler, and any and all other unnamed

1

and/or unknown persons discovered through the course of discovery. Plaintiffs are detained by the Illinois Department of Human Services, pursuant to the Illinois Sexually Violent Persons Act.  A Merit Review Order was written in this case by the Honorable Harold A. Baker allowing Plaintiffs to proceed only on a claim that their First Amendment right was violated.  However, Plaintiffs have filed a Motion for Reconsideration [40] of that order.  The Court will revisit Plaintiffs' Complaint.

## ALLEGATIONS

In their Complaint, Plaintiffs allege that although all Illinois Department of Human Services state mental health facilities are subject to the rules of Title 59 of the Illinois Administrative Code governing mental health, the defendants do not fairly apply the rules of Title 59. Plaintiffs are not allowed the benefits and privileges granted to residents at all other state mental health facilities.  Specifically, Plaintiffs allege that residents at all other state owned and operated mental health facilities are allowed to own a personal computer, but Plaintiffs are not

allowed this privilege. Plaintiffs claim Rushville is the only facility where residents are not allowed to own and purchase, with their own funds, a personal computer or laptop. Plaintiffs claim that safety and security concerns do not exist. They claim that the defendants' act of denying Plaintiffs' ability to own a computer does not allow them access to all media, restricts their ability to participate in vocational programs that require computer access, and hampers their efforts to obtain and store case law, legal work, and legal reference materials. Plaintiffs claim the Illinois Department of Human Service's policy to deny Plaintiffs the ability to own a personal computer violates their rights under the First Amendment. Plaintiffs also claim the defendants have also violated Plaintiff's Fourteenth Amendment rights of Equal Protection and Due Process.

## ANALYSIS

### State Law and Due Process

First, a violation of state law is not, by itself, a violation of federal law. <u>Guarjardo-Palma v. Martinson</u>, 622 F.3d 801, 806 (7th Cir.

2010)("[A] violation of state law is not a ground for a federal civil rights suit."). "[T]his court has consistently held that '42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations . . . ." Thompson v. City of Chicago, 472 F.3d 444, 454 (7th Cir. 2006), *quoting* Scott v. Edinburg, 346 F.3d 752, 760 (7th Cir.2003).

   Plaintiffs allege their rights to due process have been violated. They do not specifically state how their right to due process was allegedly violated. However, they claim that they have grieved not being allowed to own a computer and have addressed this issue with Rushville administration on several occasions. The Court notes that 59 Il ADC 109.20, par. 2, provides that the facility director may restrict the possession or use of computers, peripherals, modems, CDs, disks, software, or other equipment used with the computer for all individuals in a facility, when necessary to protect an individual or others from harm, provided that notice of such restriction shall be given to all individuals upon admission. Further, that statute provides that if it becomes

4

necessary to restrict individuals who did not receive notice of the restriction upon admission, the professional responsible for overseeing implementation of an individual's services plan may, with the approval of the facility director, restrict the right to property when necessary to protect the individual or others from harm. Based on allegations made by Plaintiffs, they apparently have received notice of Rushville's restriction on computers. However, if not, a federal court is not an enforcer of state laws and regulations. Accordingly, Plaintiffs state no federal claim to the extent they allege that Defendants are violating the spirit or text of Title 59 of the Illinois Administrative Code.

## Access to Court

Plaintiffs' allegations regarding denial of access to the court do not state a claim. An access to the courts claim arises only when a plaintiff suffers an "actual injury" from the inability to pursue a nonfrivolous claim. Lewis v. Casey, 518 U.S. 343, 351 (1996); May v. Sheahan, 226 F.3d 876, 883 (7th Cir. 2000). Plaintiffs identify no legal action in which they suffered any prejudice.

## Equal Protection

As to the Fourteenth Amendment Equal Protection claim, Plaintiffs are not similarly situated to persons confined for treatment in other state mental health facilities. Plaintiffs are in Rushville because they have been "convicted of a sexually violent offense, . . .[and are] dangerous because [they] . . . suffer[] from a mental disorder that makes it substantially probable that . . . [they] will engage in acts of sexual violence." 725 ILCS 207/5(f). Persons confined in other state mental health facilities may also be dangerous to themselves or others, but they do not fit the statutory definition for sexually violent persons. If they did, they would be in Rushville. *See* Thielman v. Leean, 282 F.3d 478, 483 (7th Cir. 2002) ("facilities dealing with those who have been involuntarily committed for sexual disorders are 'volatile' environments whose day-to-day operations cannot be managed from on high."). In short, there is no equal protection claim because Plaintiffs are not similarly situated to mentally ill persons held in other mental facilities. Additionally, Plaintiffs' alleged differential treatment is rationally related

to the fact that they are confined as sexually violent persons. *See* Thielman, 282 F.3d at 485 (upholding restraints used on sexually violent persons during transport and not on other mentally ill patients: "[I]t is not unreasonable for the State to believe that a person with a mental disorder of a sexual nature is qualitatively more dangerous than another mental patient who nonetheless threatens danger to himself or others.").

### Right to Own a Personal Computer

Humane treatment means the adequate provision of life's basic necessities, not luxuries such as gaming consoles and other electronic equipment. *See, e.g.,* Murphy v. Walker, 51 F.3d 714, 718 (7th Cir. 1995)(pretrial detainee had no constitutional right to television or cigarettes); Roberts v. Cohn, 63 F.Supp.2d 921, 924 (N.D. Ind. 1999)("It is well established that prison inmates do not have a constitutional right to use or possess typewriters and word processors."). Further, Plaintiffs have no constitutional right to vocational programs. *See also* Higgason v. Farley, 83 F.3d 807, 809 (7th Cir. 1996) (observing

that the denial of access to educational programs does not infringe on a protected liberty interest).

The only potential constitutional right implicated by denial of a personally owned computer might be the First Amendment, in the sense that Plaintiffs do not have access to "all" media. Yet even if the First Amendment might be implicated, a viable First Amendment claim is not stated because, as discussed infra, the ban is reasonably related to the legitimate security concerns of the facility. *See* Turner v. Safley, 482 U.S. 78, 89 (1987)(setting forth legal standard for analyzing First Amendment claims by prisoners).

The Court takes judicial notice of a memorandum filed in this district in case number 11-CV-3337, Schloss, et al., v. Ashby, et al., brought by, among others, Co-Plaintiffs Jeremy Schloss, Michael Lewis, Eugene Brown and Donnie Barrett. *See* Exhibit 1, the program director's memo, attached to the Complaint [1] in 11-CV-3337. The security concerns are set forth in that memo: "Advancements in technology have lead to increased ability to obtain/store/ trade contraband and/or engage

in unauthorized communications and other deceptive practices. Such practices threaten the safety and security of the facility and the community and interfere with the facility's therapeutic purposes.

Rushville administration has articulated a "valid, rational connection" between the ban and the security concern. Turner, 482 U.S. at 89. As the memo states, the security concerns arise from the expanding ability of many different kinds of electronics to obtain, store, and communicate information. Striking down the ban would negatively impact guards' ability to discover contraband. As to the other Turner factors, Plaintiffs have alternate ways to exercise their First Amendment rights that do not require a computer, while the facility has no ready alternatives to avert the security problem posed by the electronics other than banning them. Plaintiffs have access to the media through newspapers, magazines, television and radio. They are not constitutionally required to have access to all media. *See* Singer v. Raemisch, 593 F.3d 529, 539 (7th Cir. 2010)(banning of fantasy role playing games was rationally related to legitimate penological interests

and prisoner had alternative means of exercising right, such as possessing other reading materials or playing allowable games).

Though application of the <u>Turner</u> analysis is often premature at the motion to dismiss and merit review stage, *see* <u>Lindell v. Frank</u>, 377 F.3d 655, 657-58 (7th Cir. 2004), here the legitimate penological reasons for the rule are so obvious and well established that dismissal at the pleading stage is proper.  *See* <u>Williams v. Wisconsin</u>, 336 F.3d 576, 582 (7th Cir. 2003)(discussing <u>Turner</u> and affirming dismissal for failure to state a claim regarding parolee's travel restrictions and their incidental interference with his right to marry);  <u>Belton v. Singer</u>, 2011 WL 2690595 *12 (D.N.J. 2011)(unpublished)(dismissing at pleading stage claim by sexually violent detainee challenging confiscation of gaming consoles and other electronics); <u>Hedgespeth v. Bartow</u>, 2010 WL 2990897 *7 (W.D. Wis. 2010)(unpublished)(on summary judgment, finding that rule banning possession of video games and gaming equipment by sexually violent detainee was rationally related to legitimate security interests).

In short, the Court cannot hypothesize a plausible scenario under which the Constitution would require Rushville to permit its residents to possess personal computers or laptops. Such an order would ignore the substantial deference afforded the facility's administrators in making these kinds of decisions. *See* Beard v. Banks, 548 U.S. 521, 528 (2006)("[C]ourts owe 'substantial deference to the professional judgment of prison administrators.'")(quoted cite omitted).

IT IS THEREFORE ORDERED:

1) Plaintiff's Motion for Reconsideration [40] is granted to the extent the Court revisited their Complaint. Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiffs' complaint is dismissed, in its entirety, with prejudice for failure to state a federal claim. The Clerk of the Court is directed to terminate this lawsuit in its entirety.

2) The Clerk of the Court is directed to attach a copy of Exhibit 1, that can be found attached to the Complaint [1] in case number 11-CV-3337, Schloss, et al., v. Ashby, et al., to this order.

3) The hearing scheduled for December 12, 2011, is cancelled as

unnecessary.  The Clerk of the Court is directed to notify Rushville of the cancellation.

    4) If Plaintiffs wish to appeal this dismissal, they must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues the plaintiffs plan to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).

ENTERED:  December 9, 2011

FOR THE COURT:

          /s/ Sue E. Myerscough
        SUE E. MYERSCOUGH
   UNITED STATES DISTRICT JUDGE



Pat Quinn, Governor  
Illinois Department of Human Services  
Michelle R.B. Saddler, Secretary

Treatment & Detention Facility
1680 E. County Farm Road
Rushville, IL 62681
Phone: (217)322-3204

**Memorandum**

Date: March 31, 2011

To: All Residents

From: Program Director

**Subject: Electronic Devices**

Please be advised that a number of abuses of certain electronic devices have come to the attention of administration. Advancements in technology have lead to increased ability to obtain/store/trade contraband and/or engage in unauthorized communications and other deceptive practices. Such practices threaten the safety and security of the facility and the community and interfere with the facility's therapeutic purposes.

Therefore, effective immediately, all gaming systems are no longer considered approved items. Other electronic devices with internet accessibility and/or data storage capabilities, such as DVD players with hard drives, (typewriters and flash drives for legal purposes are excluded) are no longer considered approved items. This means that you will no longer be allowed to order or purchase these electronic items.

If you currently have one of these items in your possession you will be allowed to retain it as long as you remain in intermediate B status or above. If your status drops to Intermediate C or below, the device will be removed in accordance with the Resident Behavior Management System. You will then be offered the option of sending the item out of the facility or directing staff to discard it. If for any reason your device is sent out of the facility it will not be allowed back into the facility.

Please take note that all electronic devices are subject to inspection by TDF staff at unannounced intervals. Inspections will begin exactly two weeks from the date of this memo and any device which is found to contain unauthorized programs, images, data, applications, communications or other media will be confiscated. This inspection applies to all electronic devices maintained by residents, including but not limited to flash drives.

Should you have any questions concerning the information provided in this memorandum, please contact your primary therapist.

PLAINTIFF'S EXHIBIT 1