UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RICHARD SMEGO, et al., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 10-CV-3240 |
| | ) | |
| LARRY J. PHILLIPS, et al., | ) | |
|     Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

On September 25, 2012, Plaintiffs filed a motion to reconsider the Court's dismissal of this case. The Court gave Plaintiffs another opportunity to explain how their federal allegations state a federal claim. Plaintiffs did not respond directly but did file a memorandum in support of their in forma pauperis appeal, which sets forth their reasons why they believe they state a claim. The Court has considered the memorandum and still concludes that Plaintiffs fail to state a federal claim for relief.

Plaintiffs have no federal equal protection right to be treated identically to those confined in other facilities under the Illinois Mental Health Code. Plaintiffs are in Rushville because they have been "convicted of a sexually violent offense, . . .[and are] dangerous because [they] . . . suffer[] from a mental disorder that makes

1

it substantially probable that . . . [they] will engage in acts of sexual violence." 725 ILCS 207/5(f).  Persons confined in other state mental health facilities may also be dangerous to themselves or others, but they do not fit the statutory definition for sexually violent persons.  *See* Thielman v. Leean, 282 F.3d 478, 483 (7th Cir. 2002)("facilities dealing with those who have been involuntarily committed for sexual disorders are 'volatile' environments whose day-to-day operations cannot be managed from on high.").  Plaintiffs' alleged differential treatment is rationally related to the fact that they are confined as sexually violent persons.  *See* Thielman, 282 F.3d at 485 (uphholding restraints used on sexually violent persons during transport and not on other mentally ill patients:   "[I]t is not unreasonable for the State to believe that a person with a mental disorder of a sexual nature is qualitatively more dangerous than another mental patient who nonetheless threatens danger to himself or others."); *see also* Varner v. Monohan, 460 F.3d 861, 865 (7th Cir. 2006)(no equal protection violation for different commitment procedures for sexually dangerous persons versus sexually violent persons: "the rationality of the distinction is evident. . . . The difference between those with a criminal record and those without is vital.").

Additionally, the Court still concludes that the prohibition on laptop computers does not state a claim for the violation of a federal right for the reasons

2

stated in the Court's 12/9/11 order. Plaintiffs' inability to take online college courses or access the internet does not change the Court's conclusion. Plaintiffs argue that they have no alternative access to the information provided in online courses and through a laptop, but that is not the inquiry under Turner v. Safley, 482 U.S. 78 (1987). Alternatives need not be ideal. *See* Singer v. Raemisch, 593 F.3d 529, 539 (7th Cir. 2010)(rejecting prisoner's argument that ban on Dungeons and Dragons game left him no alternative for playing that game, where plaintiff could play other games and could obtain other reading material).

IT IS THEREFORE ORDERED:

    1) Plaintiff's motion for reconsideration of the Court's dismissal of this case for failure to state a claim is denied (d/e 54).

    2) The Court has reviewed Plaintiffs' memorandum in support of their in forma pauperis appeal. For the reasons stated in this order and in the Court's 12/9/11 order, the Court cannot discern a good faith basis for appeal. Accordingly, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that Plaintiffs' petition to appeal in forma pauperis is not in good faith. The petition is denied (d/e 56). If Plaintiffs wish to contest this court's finding, they must renew their petition to proceed in forma pauperis with the Court of Appeals within 30 days after service of this order. See Fed.R.App.P. 24(a). The clerk is directed to send a copy of this

order to the Seventh Circuit Court of Appeals.

ENTERED: October 23, 2012

FOR THE COURT:

                                **s/Sue E. Myerscough**
                                SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT JUDGE